Rosemarie G. ROMANO, Respondent Below, Appellant,

v.

Dominick J. ROMANO, Petitioner Below, Appellee.

Supreme Court of Delaware.

Submitted: March 7, 1985.

Decided: May 23, 1985.

John M. Bader, Wilmington, for appellant.

Dominick J. Romano, pro se.

Before HERRMANN, C.J., McNEILLY and CHRISTIE, JJ.

PER CURIAM:

The sole issue in this case is the question of whether a former spouse may petition the Family Court to modify, on the basis of changed circumstances, a prior order denying an application for alimony. We hold that such party to a divorce proceeding may bring such an action before the Family Court. Accordingly, we reverse the decision of the Family Court dismissing the petition.

I.

Rosemarie G. Romano and Dominick J. Romano were married for more than twenty years before their divorce was granted by order of the Family Court. When the wife first petitioned the Family Court for an alimony award, the Court found the wife to be dependent upon her husband because she was unemployed. At that time, the Court was unable to calculate the future earning capacities of the parties. Therefore, it awarded the wife nominal alimony of $1.00 in order to preserve her application, thereby enabling her to litigate the issue at a later time.

More than two years after the initial hearing, the wife again petitioned the Family Court for a hearing concerning the question of alimony. Based upon the evidence adduced at the hearing, the Family Court found that the parties' incomes were essentially equal. Therefore, it found that the wife was not entitled to alimony under 13 *Del.C.* § 1512.[1]

---

1. 13 *Del.C.* § 1512 provides in pertinent part:
   (a) The Court may grant alimony for a dependent party ...
       *   *   *   *   *   *
   (b) A party is dependent if the party or someone on behalf of the party shall aver in an affidavit of dependency filed in the action and shall prove by a preponderance of the evidence that such party:
   (1) Is dependent upon the other party for support and the other party is not contractually or otherwise obligated to provide that sup-

One month later, after the wife had been discharged from her employment, she petitioned the Family Court to modify its order on the basis of changed circumstances. At this point, the wife ·was receiving $111.00 per week in unemployment benefits, $145.00 per month in food stamps, and $120.00 per week from the husband for support of the minor children. In contrast, the husband's salary exceeded $19,000.00 per year.

The Family Court dismissed the wife's action, stating that she lacked standing[2] to petition the Court once the alimony proceedings had been terminated. The wife appeals.

## II.

We find that the Family Court erred in refusing to entertain the wife's petition to reinstate alimony on the basis of changed circumstances.

■ Under the statute governing modification of alimony awards, 13 *Del.C.* 1519,[3] the Court has continuing jurisdiction to modify or terminate any "decree or separate order" which it has entered in a divorce or annulment proceeding. 13 *Del.C.* § 1519. *See Solis v. Tea,* Del.Supr., 468 A.2d 1276 (1983). This Court has construed the statutory language in accordance with common usage, holding that such "decree or separate order" means a judicial decree. *Solis v. Tea, supra* at 1280. Because an order terminating alimony is a judicial decree which may be subject to modification under the Statute, we hold

that the wife's petition was properly within the jurisdiction of the Family Court.

In reaching its decision to dismiss the wife's petition, the Family Court relied on *R.L.G. v. J.G.,* Del.Fam.Ct., 387 A.2d 200 (1977), which adopted the reasoning of *Flaxman v. Flaxman,* N.J.Supr., 57 N.J. 458, 273 A.2d 567 (1971). The rationale of those cases, in which there were remarriages, has no application here where there was no remarriage.

■ The General Assembly of our State has recognized that, in the interests of justice, a former spouse should not bear the burden of supporting his erstwhile partner in the event of remarriage. The Statute provides that alimony payments will be terminated for all time by operation of law when the party receiving alimony remarries. 13 *Del.C.* § 1519. *See R.L.G. v. J.G., supra; Flaxman v. Flaxman, supra.* In such case, the Court would not have jurisdiction to reconsider the question of alimony should the remarried spouse raise it anew. The Statute does not extend this policy to cases where, as here, the alimony recipient has been adjudged nondependent, regardless of changes in dependency thereafter.

Accordingly, it is clear that the Family Court misplaced its reliance on *Flaxman* and *R.L.G.* in holding that the wife lacked standing in this case.

Therefore, the Family Court still has jurisdiction to reconsider the question of ali-

---

port after the entry of a decree of divorce or annulment;

    (2) Lacks sufficient property including any award of marital property, to provide for the party's reasonable needs; and

    (3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

2. The Family Court dismissed the petition for lack of standing. We view the question, rather, as one of jurisdiction.

3. 13 *Del.C.* § 1519 provides in pertinent part:

(a) A decree or separate order entered under § 1518 of this title may be modified or terminated only as follows:

    \*    \*    \*    \*    \*    \*

    (4) Alimony or any other relief awarded, only upon a showing of real and substantial change of circumstances.

(b) Unless otherwise agreed by the parties in writing and expressly provided in the decree, the obligation to pay future alimony is terminated upon the death of either party or the remarriage of the party receiving alimony.

    \*    \*    \*    \*    \*    \*

 

mony upon the wife's petition alleging a real and substantial change of circumstances. Because there has been no remarriage, the husband may not have fully satisfied the support obligatons owed to his former spouse.

\*    \*    \*

REVERSED and REMANDED for further proceedings consistent herewith.